UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ATLANTIC STATES INSURANCE COMPANY and FSI, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARGILL, INCORPORATED and ABC INSURANCE COMPANY, <br><br> Defendants. | Case No.: 2:25-cv-01833 <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Cargill, Incorporated ("Cargill"), hereby removes the state court action captioned *Atlantic States Insurance Company, et al. v. Cargill, Inc., et al.*, No. 2025CV000636 in the Circuit Court of Wisconsin, Washington County ("the Action")[1] to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are:

I.  BACKGROUND

1. On October 22, 2025, Atlantic States Insurance Company ("Atlantic States") and FSI, Inc. ("FSI") (collectively, "Plaintiffs") commenced this action by serving Cargill with copies of the Summons and Complaint. *See* Plaintiffs' Summons and Complaint, attached hereto as **Exhibit A**.

---

[1] Plaintiffs' Complaint incorrectly identifies Cargill as "Cargill, Inc." rather than by its correct legal name, *Cargill, Incorporated*. For accuracy and to avoid confusion, Cargill has corrected the original caption and uses its proper name for purposes of removal and all subsequent filings in this action.

1

2. Plaintiffs' Complaint alleges Cargill manufactured and sold a cooking oil product that lacked adequate warnings regarding the risk of spontaneous combustion. *Id.* at ¶¶ 18–34.

3. Plaintiffs assert claims for negligence and strict liability against Cargill. *Id.*

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because: (1) Cargill is not a citizen of Wisconsin, (2) this is a civil action among citizens of different states, and (3) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cargill are attached as **Exhibit A**.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal Is Timely.

6. Removal is timely because it was made within 30 days after Cargill received a copy of the Summons and Complaint (October 22, 2025), and therefore, is timely under 28 U.S.C. § 1446(b). *See* **Exhibit A**.

### B. Diversity of Citizenship Exists.

7. Diversity jurisdiction requires complete diversity. *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1050 (E.D. Wis. 2001).

8. For purposes of diversity, a corporation can be a citizen of two states: (1) the state of incorporation and (2) the state in which the corporation maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

9. A "principal place of business" is where the corporation's officers direct, control, and coordinate the corporation's activities, or the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Nails v. True Stage Accidental Ins.*, 2024 WL 4794691, at *2 (W.D. Wis. Nov. 14, 2024). The "nerve center" is usually the corporation's main headquarters and is a single place. *Id.*

10. Atlantic States is incorporated in the State of Pennsylvania and maintains its principal place of business in Pennsylvania. *See* Ex. A, Compl. at ¶ 1; *Atl. States Ins. Co. v. Copart, Inc.*, 609 F. Supp. 3d 379, 385, 388 (E.D. Pa. 2022).

11. For purposes of diversity jurisdiction, Atlantic States is a citizen of Pennsylvania.

12. FSI is incorporated in the State of Wisconsin and maintains its principal place of business in Wisconsin. *See* Ex. A, Compl. at ¶ 2.

13. Accordingly, for diversity purposes, FSI is a citizen of Wisconsin.

14. Cargill is incorporated in the State of Delaware and maintains its principal place of business in Minnesota. *See id.* at ¶ 3.

15. For purposes of diversity jurisdiction, Cargill is a citizen of Delaware and Minnesota.

16. Plaintiffs have named the fictitious "ABC Insurance Company" as a defendant in the Complaint. *Id.* at ¶ 4. However, fictitious defendants are to be disregarded for purposes of determining diversity jurisdiction. *See* U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under

section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

17. As the above makes clear, there is complete diversity of citizenship among Atlantic States (Pennsylvania), FSI (Wisconsin), and Cargill (Delaware and Minnesota). Accordingly, removal is proper if the amount in controversy exceeds $75,000.

**C. The Amount in Controversy Exceeds $75,000.**

18. The amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

19. The Complaint asserts a claim for damages "in excess of three million dollars ($3,000,000.00)." Ex. A, Compl. at ¶¶ 24, 33.

**D. Venue and Other Requirements Are Satisfied.**

20. The United States District Court for the Eastern District of Wisconsin is the appropriate venue for removal of Plaintiffs' state court action, pursuant to 28 U.S.C. § 1441(a), which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction, to be removed to the district court of the United States for that district and division embracing the place where such action is pending.

21. Cargill reserves the right to amend or supplement this Notice of Removal.

22. Cargill reserves the right to raise all defenses and objections to Plaintiffs' claims after the action is removed to this Court.

WHEREFORE, Defendant Cargill respectfully removes the Action from the Circuit Court of Wisconsin, Washington County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: November 19, 2025

FAEGRE DRINKER BIDDLE REATH LLP

*s/Anthony Finnell Jr.*
Thomas R. Pack (#0398897)
Anthony Finnell Jr. (#0398817)
Emilie M. Erickson (#403558)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
tom.pack@faegredrinker.com
anthony.finnell@faegredrinker.com
emilie.erickson@faegredrinker.com

*Attorneys for Defendant Cargill, Incorporated*