**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| ATLANTIC STATES INSURANCE COMPANY,<br>Plaintiff,<br>and<br>FSI, INC.<br>Involuntary Plaintiff,<br>v.<br>CARGILL, INCORPORATED and ABC INSURANCE COMPANY,<br>Defendants. | Case No.: 2:25-cv-01833-PP<br><br>**DEFENDANT CARGILL, INCORPORATED'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL INVOLUNTARY PLAINTIFF FSI, INC.'S DISCOVERY RESPONSES** |

Defendant Cargill, Incorporated ("Cargill"), pursuant to Federal Rules of Civil Procedure 33, 34, and 37 and Civil Local Rules 7(h) and 37, respectfully moves the Court for an order compelling Involuntary Plaintiff FSI, Inc. ("FSI") to provide complete answers and responses to Cargill's First Set of Interrogatories and Requests for Production of Documents (collectively, the "Discovery Requests").[1]

Under the Court's February 23, 2026 Scheduling Order, fact discovery closes October 30, 2026. (Doc. 17.) Cargill served FSI with its Discovery Requests on May 4, 2026, making FSI's answers, responses, and objections due June 3. (Finnell Aff. ¶ 2, Ex. 1; *id.* ¶ 3); *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). That deadline passed without any response from FSI. (Finnell Aff. ¶ 3.)

Cargill thereafter repeatedly sought FSI's compliance without Court intervention. On June 2, Cargill sent FSI a letter requesting responses. (Finnell Aff. ¶ 4, Ex. 2.) An S&L Companies

[1] Cargill styled its requests for production as a subpoena under Rule 45 because, during the parties' Rule 16 meet and confer, Plaintiff Atlantic States confirmed that its insured would not produce responsive materials involving its franchisor, Culver Franchising System, LLC, absent a subpoena. Given FSI's status as a party to this action, albeit as an involuntary plaintiff, Cargill did not believe a Rule 45 subpoena was necessary to obtain discovery from FSI. Nevertheless, to accommodate FSI's request and avoid unnecessary disagreement over the form of the discovery, Cargill served its requests by subpoena.

representative subsequently explained that FSI believed it had already provided all relevant documents to its insurer and did not intend to involve its own counsel because FSI did not consider the litigation to be "its case." (Finnell Aff. ¶ 5, Ex. 3.)

Cargill and FSI met and conferred on July 20. (Finnell Aff. ¶ 6.) After confirming that FSI was comfortable proceeding without counsel, Cargill explained that FSI's status as an involuntary plaintiff nevertheless required it to respond to properly served discovery. (*Id.*) FSI agreed to search its records and provide responses. (*Id.*)

On August 6—more than two months after its responses were due—FSI produced only six documents and no written responses to Cargill's Discovery Requests. (Finnell Aff. ¶ 7, Ex. 4.) FSI described the documents as what it had located "so far" and acknowledged that the production was "not much." (*Id.*) Cargill followed up again on August 14, identifying categories of apparently missing documents and requesting, by August 19, a date certain for complete responses. (Finnell Aff. ¶ 8, Ex. 5.) Cargill advised that, absent such a commitment, it would need to pursue other means of obtaining the discovery before the approaching discovery deadline. (*Id.*) FSI did not respond. (Finnell Aff. ¶ 9.)

Rules 33 and 34 required FSI to serve its answers, responses, and objections within 30 days after service of Cargill's Discovery Requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). When a party fails to answer interrogatories or produce documents requested under Rule 34, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). And where, as here, a party fails altogether to serve answers or objections to interrogatories or a written response to requests for production, Rule 37(d) independently authorizes the Court to impose appropriate sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).

FSI has offered no justification for its failure to comply. To the contrary, after Cargill explained FSI's discovery obligations during the parties' July 20 meet and confer, FSI expressly agreed to search its records and provide responses. It still has not done so. Nor has FSI sought a protective order, requested an extension, or otherwise identified any basis for withholding its responses. Court intervention is therefore warranted.

FSI has also waived any objections to Cargill's interrogatories. Rule 33 requires that objections be served within 30 days and provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(2), (4). FSI served no objections (timely or otherwise) and has identified no good cause for its failure to do so. Accordingly, FSI should be ordered to answer Cargill's interrogatories fully and without objection.

Finally, Cargill is entitled to recover the reasonable expenses incurred in bringing this motion. If a motion to compel is granted, Rule 37(a)(5)(A) requires the Court, after providing an opportunity to be heard, to require the noncompliant party to pay the movant's reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Rule 37(d) likewise requires an award of reasonable expenses caused by a party's failure to serve answers, objections, or a written response unless that failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(d)(3). FSI's failure to respond despite Cargill's repeated efforts to resolve this issue without Court intervention warrants such an award.

Accordingly, Cargill respectfully requests that the Court enter an Order: (1) compelling FSI to serve complete answers to Cargill's First Set of Interrogatories and complete written responses to Cargill's First Requests for Production, and to produce all responsive documents within ten (10) days of the Court's Order; (2) finding that FSI has waived any objections to

Cargill's interrogatories pursuant to Rule 33(b)(4); (3) awarding Cargill the reasonable expenses, including attorney's fees, incurred in bringing this Motion pursuant to Rules 37(a)(5)(A) and 37(d)(3); and (4) granting such other and further relief as the Court deems just and appropriate.

Dated: September 23, 2026

*s/ Anthony W. Finnell Jr.*

Thomas R. Pack (WI Bar #1119874)
Anthony W. Finnell Jr. (MN Bar #0398817)
Emilie M. Erickson (MN Bar #403558)
FAEGRE DRINKER BIDDLE REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
tom.pack@faegredrinker.com
anthony.finnell@faegredrinker.com
emilie.erickson@faegredrinker.com

*Attorneys for Defendant Cargill, Incorporated*

## CERTIFICATE OF CONFERENCE

Pursuant to Civil L.R. 37, I certify that counsel for Cargill has conferred in good faith with FSI in an effort to resolve this discovery dispute without Court intervention. Counsel for Cargill met and conferred with FSI's representative on July 20, 2026, and thereafter continued its efforts to resolve the dispute through written correspondence on August 14, 2026. Despite these efforts and Cargill's repeated requests for compliance, FSI has neither provided complete responses to Cargill's Discovery Requests nor otherwise resolved the outstanding discovery issues. The parties have therefore been unable to resolve this dispute without Court intervention.

*/s/ Anthony W. Finnell Jr.*
Anthony W. Finnell Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2026, a copy of Defendant Cargill, Incorporated's CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL INVOLUNTARY PLAINTIFF FSI, INC.'S DISCOVERY RESPONSES was served on all counsel of record by electronic mail and on FSI, Inc. via process server.

*s/ Anthony W. Finnell Jr.*
Anthony W. Finnell Jr.